NO. 07-01-0181-CR


NO. 07-01-0182-CR


NO. 07-01-0183-CR


NO. 07-01-0184-CR


NO. 07-01-0185-CR


NO. 07-01-0186-CR


NO. 07-01-0187-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 27, 2001



______________________________




JONATHAN CARY NICKELS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NOS. 43,449-B, 43,450-B, 43,060-B, 43,061-B, 43,062-B, 43,063-B, & 43,064-B;


HONORABLE JOHN BOARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to open pleas of guilty, appellant Jonathan Cary Nickels (1) was convicted
of multiple offenses and punishment was assessed accordingly: (1) in cause number
43,449-B for possession of marihuana, a state jail felony--one year confinement; (2) in
cause number 43,450-B for possession of cocaine--ten years confinement; (3) in cause
number 43,060-B for delivery of methamphetamine--ten years confinement; (4) in cause
number 43,061-B for delivery of methamphetamine-ten years confinement; (5) in cause
number 43,062-B for delivery of cocaine-ten years confinement, (6) in cause number
43,063-B for delivery of methamphetamine-30 years confinement, and (7) in cause
number 43,064-B for delivery of methamphetamine-30 years confinement. In presenting
these appeals, counsel has filed an Anders (2) brief in support of a motion to withdraw. 
Based upon the rationale expressed herein, the motion to withdraw is granted and each
judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the records and, in his opinion, the records reflect no reversible errors or
grounds upon which appeals can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585
(Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeals are frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there are no errors
in the court's judgments. Counsel has also shown that he sent a copy of the brief to
appellant, and informed appellant that, in counsel's view, the appeals are without merit. 
In addition, counsel has demonstrated that he notified appellant of his right to review the
records and file a pro se brief if he desired to do so. Appellant filed a pro se brief in
support of a motion to vacate, set aside, or correct a sentence. The State did not favor us
with a brief.

 A review of each record discloses that a confidential informant introduced appellant
to two undercover agents on January 7, 2000. Approximately 2.5 grams of
methamphetamine were purchased from appellant by Agent Redden and his partner. The
agents made subsequent purchases of methamphetamine and cocaine from appellant as
follows: 3.8 grams of methamphetamine on January 13, 2000, 2.1 grams of cocaine on
February 18, 2000, 8.5 grams of methamphetamine on March 3, 2000, 7.1 grams of
cocaine on March 30, 2000, and 7.7 grams of methamphetamine on April 19, 2000. During
the February 18 purchase appellant indicated to the agents that he could obtain
untraceable weapons to sell to them and on March 3, the agents purchased a sawed-off
shotgun in addition to cocaine. 

 On September 25, 2000, ATF officers and Agent Redden served a federal warrant
on appellant for firearm violations. Redden entered appellant's home in an undercover
capacity and was led to the bedroom by appellant's girlfriend. Appellant and his infant son
were laying on the bed next to an open diaper bag. Redden noticed a plastic bag
containing what appeared to be cocaine on top of the diaper bag. Appellant was informed
that a federal warrant was being served and he was taken into custody. Although his
girlfriend tried to close the diaper bag, a search revealed two plastic bags containing a
total of 41 grams of cocaine and one plastic bag containing a quarter of a pound of
marijuana.

 Appellant was charged with seven separate offenses involving either possession
or delivery of narcotics. He entered pleas of guilty to all charges with no agreement on
punishment and evidence was heard with regard to sentencing. Agent Redden and his
partner testified about appellant's status as a mid-level drug dealer. Redden testified that
he would page appellant and set up a meeting to purchase narcotics. Appellant would
then meet with his supplier to obtain what Redden had requested.

 Appellant testified that he was a drug user and tried to leave an impression that he
was merely a runner for his supplier. Although he did not consider himself a dealer, he
admitted selling drugs to the agents at higher than usual prices in order to pay his supplier
and have money left to support his baby. Although appellant claimed that the narcotics
were never in his home and that he met with his supplier to obtain them, he could not
convincingly explain why he was in possession of 41 grams of cocaine when he was
arrested on September 25. He testified that he had that amount in his possession in
anticipation that Redden would contact him again as he had done regularly in the past. 
However, Redden and appellant had not engaged in a transaction since April. Appellant
expressed regret and remorse for his actions and admitted to being a "stupid" criminal. 
However, when questioned whether he was aware that the more drugs he sold to the
agents the more trouble he was in, he replied, "I knew the more I sold, the more time you
get . . . ." He did not request probation and realized he would be punished for his crimes. 

 The State also introduced evidence of appellant's juvenile history which established
several prior convictions and a probation revocation. At the conclusion of the punishment
evidence, the trial court ruled that the evidence clearly showed appellant was a dealer. 
The court also expressed concern that given appellant's criminal history, he had not taken
advantage of the numerous chances he had been given. Concluding that appellant had
made "bad choices," he was sentenced to one year confinement for a state jail felony, four
ten-year sentences for second degree felonies, and two 30-year sentences for first degree
felonies all to run concurrently.

 Counsel presents three arguable points on appeal, to wit: (1) ineffective assistance
of counsel, (2) voluntariness of appellant's pleas, and (3) abuse of discretion in
sentencing. However, after a discussion of the evidence and legal authorities, counsel
candidly concedes that no reversible error is presented in any of the appeals.

 To establish ineffective assistance of counsel appellant must establish that (1)
counsel's conduct was deficient (i.e., fell below an objective standard of reasonableness),
and (2) there is a reasonable probability that but for counsel's deficient performance, the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App. 1986). A strong presumption exists that defense counsel's conduct falls
within a wide range of reasonable representation. Strickland, 466 U.S. at 690, 104 S.Ct.
at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999),
cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a
challenge of ineffective assistance of counsel, it must be firmly founded in the record. 
Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981). If the record is silent
regarding any alleged ineffectiveness of counsel, appellant cannot overcome the
presumption that counsel's conduct fell within a wide range of reasonable professional
representation.

 In most instances, the most effective way to demonstrate ineffective assistance of
counsel is by presenting evidence at a hearing on a motion for new trial. See generally
McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex.App.-Houston [14th Dist.] 1999, pet.
denied) (discussing ineffective assistance during voir dire). However, here, appellant did
not file motions for new trial and the records before us are silent regarding any alleged
ineffectiveness by counsel. Thus, no reversible error is presented on the ground of
ineffective assistance of counsel.

 Because appellant's guilty pleas were not entered pursuant to felony plea 
bargains, we can review whether they were involuntary. See Cooper v. State, 45 S.W.3d
77 (Tex.Cr.App. 2001) (holding that voluntariness of a plea may not be raised on appeal
from a plea-bargained felony conviction). When the record shows that a defendant was
properly admonished, there is a prima facie showing of a knowing and voluntary guilty
plea. Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.Cr. App. 1985). The burden then
shifts to the defendant to establish that he plead guilty without understanding the
consequences of his plea and, consequently, suffered harm. Tex. Code Crim. Proc. Ann.
art. 26.13(c) (Vernon 1989). Gibauitch, 688 S.W.2d at 871. In reviewing the voluntariness
of a defendant's guilty plea, we review the entire record. Martinez v. State, 981 S.W.2d
195, 197 (Tex.Cr.App. 1998) (en banc). 

 The record reflects that appellant was admonished by the trial court prior to the
presentation of punishment evidence. Appellant informed the trial court that his pleas were
voluntary and that his judicial confessions were signed of his own free will. He also signed
written admonishments acknowledging that he was aware of the consequences of his
pleas. Because appellant was properly admonished, it was incumbent upon him to show
that he entered his guilty pleas without understanding the consequences thereof, and thus
suffered harm. However, there is nothing in the records before us to indicate that
appellant was induced into pleading guilty or that he was unaware of the consequences
of his pleas. Therefore, no reversible error exists on the basis of appellant's guilty pleas.

 Counsel also concedes that no reversible error is shown in the sentences imposed
by the trial court. Generally, a penalty imposed within the range of punishment established
by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478
(Tex.App.-Eastland 1996, pet. ref'd). Appellant received a one-year sentence for the state
jail felony of possession of marihuana of five pounds or less but more than four ounces. (3)
A state jail felony is punishable by confinement for not more than two years or less than
180 days. (4) Four separate ten-year sentences were imposed for (1) possession of cocaine
of four grams or more but less than 200; (2) and (3) delivery of methamphetamine of one
gram or more but less than four; and (4) delivery of cocaine of one gram or more but less
than four. (5) These offenses constitute second degree felonies punishable by not more than
20 years or less than two years. (6) Appellant was sentenced to two 30-year sentences for
delivery of methamphetamine of four grams or more but less than 200, which are first
degree felonies with a punishment range of not more than 99 years or less than five years
confinement. (7) All seven sentences imposed by the trial court were within the range of
punishment established by the Legislature and thus, no abuse of discretion is shown. 
Moreover, appellant's sentences were half of the maximum recommended range of
punishment in the first five offenses and on the low end of the range of punishment for the
two first degree felonies.

 By his pro se brief in support of his motion, appellant mirrors appellate counsel's
arguments on ineffective assistance of counsel and the voluntariness of his guilty pleas. 
Because we have already reviewed these contentions, we will not repeat our analysis. 
However, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 131 L.Ed. 2d 490 (1963),
appellant contends that his right to due process under the Fourteenth Amendment was
violated by the prosecution for failing to disclose favorable evidence. We disagree. In
Brady, the Supreme Court held that the prosecution violates due process when it
suppresses evidence in its possession favorable to an accused "where the evidence is
material either to guilt or punishment." Id. at 87. Evidence is material if there is a
reasonable probability that, had the evidence been disclosed to the defense, the outcome
of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 676,
105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

 Specifically, appellant contends the prosecution was in possession of a statement
made by Jonathan Burch, the confidential informant who introduced appellant to the
agents, that might have proven his innocence. He asserts that Burch and Agent Redden
had their own "agenda" and that Burch made a statement to Redden during an interview
after appellant was arrested that if disclosed would have changed the outcome of his
convictions. The record before us does not establish any statements made by Burch to
Agent Redden that would invoke Brady. Furthermore, appellant never claimed to be
innocent of the charged offenses. He testified that he was a "stupid" criminal and that he
knew he would have to be punished for what he had done. Appellant has not established
that material evidence, if any, was withheld from him by the prosecution or that it would
have resulted in a different outcome. 

 Appellant also contends that his appellate counsel is ineffective and thus he has
been denied his Sixth Amendment right to counsel on appeal. He argues that appellate
counsel "dropped the ball" in retaliation to his request for appellate counsel's resume. 
Citing Penson v. Ohio, 488 U.S. 75, 84-85, 102 L.Ed.2d 300, 109 S.Ct. 346 (1988),
appellant claims "[t]he right to be represented by counsel on direct appeal from a
conviction as well as at the criminal trial is among the most fundamental rights." He also
relies on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which
held that the Fourteenth Amendment guarantees a criminal appellant the right to counsel
on a first appeal as of right. However, four years after Douglas, the Court decided Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which implemented
safeguards for first appeals by indigent defendants. Anders and Penson require that an
indigent defendant be afforded assistance of counsel on appeal only after a separate
inquiry by an appellate court determines that arguably meritorious grounds for reversal of
a conviction exist. Appellate counsel has complied with the procedural safeguards of
Anders and Penson. Nevertheless, appellant requests that we appoint new counsel to
represent him on appeal from his seven convictions. The Legislature has given the trial
court, not this Court, the responsibility for appointing counsel to represent indigent
defendants as well as the authority to relieve or replace counsel. See Enriquez v. State,
999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Appellant's pro se contentions are
overruled. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgments of
the trial court are affirmed.

 Don H. Reavis


 Justice

 



Do not publish. 










1. Although the judgments reflect appellant's surname as Nickles, his pro se brief
reflects his surname is Nickels.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. See Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon Supp. 2002).
4. See Tex. Penal Code Ann. § 12.35(a) (Vernon 1994).
5. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D) and 481.102(6) (Vernon
Supp. 2002); see also §§ 481.112(c) and 481.115(d).
6. Tex. Penal Code Ann. § 12.33(a) (Vernon 1994).
7. See Tex. Health & Safety Code Ann. § 481.112(d) (Vernon Supp. 2002), and Tex.
Penal Code Ann. § 12.32(a) (Vernon 1994).


oma;
 panose-1:2 11 6 4 3 5 4 4 2 4;
 mso-font-charset:0;
 mso-generic-font-family:swiss;
 mso-font-pitch:variable;
 mso-font-signature:1627400839 -2147483648 8 0 66047 0;}
 /* Style Definitions */
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
h1
 {mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Heading 1 Char";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:1;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-font-kerning:0pt;
 mso-bidi-language:EN-US;}
h2
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 2 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:2;
 font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
h3
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 3 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:3;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
h4
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 4 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:4;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-style:italic;}
h5
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 5 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:5;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;}
h6
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 6 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:6;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;
 font-style:italic;}
p.MsoHeading7, li.MsoHeading7, div.MsoHeading7
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 7 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:7;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeading8, li.MsoHeading8, div.MsoHeading8
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 8 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:8;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
p.MsoHeading9, li.MsoHeading9, div.MsoHeading9
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 9 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:9;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.MsoFootnoteReference
 {mso-style-noshow:yes;
 mso-style-priority:99;
 vertical-align:super;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0316.cv%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0316.cv%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0316.cv%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0316.cv%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("07-09-0316.cv%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NO. 07-09-00316-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
12, 2010

 



 

WAYNE ERNEST BARKER, APPELLANT

 

v.

 

RICHARD WATHEN AND DANA BUTLER, APPELLEES 



 



 

 FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-547,548; HONORABLE RUBEN GONZALES REYES, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant, Wayne Ernest Barker (Barker), appeals the trial
courts dismissal of his lawsuit against appellees,
Richard Wathen and Dana Butler (Wathen
and Butler), pursuant to Chapter 14 of the Texas Civil Practices and Remedies
Code.  We affirm.

Factual and Procedural Background

            Barker
is an inmate incarcerated in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ).  On May
20, 2009, Barker filed a petition alleging that he was seeking a judicial
determination of the constitutionality of his placement in what Barker calls
Administrative Segregation while an inmate at the Montford
Unit of the ID-TDCJ.  Barkers petition
was accompanied by a motion to proceed without prepayment of costs that
contained an unsworn declaration of indigence. 


On June 15, 2009, Barker filed
another document that was styled Objective Facts Premising Section 1983 State
Complaint.  This document was filed in
the same cause number as the original petition and, as he did with his original
petition, Barker included a motion to proceed without payment of costs and an
unsworn declaration of inability to pay costs. 
The factual basis for the second document appears to be the same conduct
of which Barker complains in his original petition: placement in what he
describes as Administrative Segregation. 
Concurrent with the filing of the second document, Barker filed a
document which he designates as an unsworn declaration of compliance with
section 14.005.  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.005 (Vernon 2002).[1]  Additionally, Barker filed a second
accompanying document which purported to be an unsworn declaration of prior suits.  See § 14.004. 

On July 6, 2009, Wathen
and Butler filed an answer that contained a general denial and a motion to
dismiss the case because the claims lacked an arguable basis in law.  See § 14.003(a)(2),
(b)(2).  Wathen
and Butlers motion also sought to dismiss Barkers lawsuit for failure to meet
the requirements of sections 14.004, 14.005 and 14.006.  Section 14.004 requires an inmate who files
an affidavit or unsworn declaration of inability to pay costs to also file a
separate affidavit or declaration containing a number of historical statements
regarding the inmates history of filing other litigation.  See § 14.004.  Section 14.005 requires the inmate to utilize
the grievance procedure outlined in the Government Code.  See § 14.005(a) (citing Tex. Govt Code Ann. § 501.008(d) (Vernon
2004)).  Section
14.006 requires the inmate to provide a copy of his inmate trust account.  See § 14.006(f). 

On July 21, 2009, Barker filed a
supplemental petition which cited some new factual material but still presented
the same basic complaint as was present in the first two filings.  Specifically, Barker continued to complain
about the Administrative Segregation rules of the ID-TDCJ.  On July 23, 2009, Barker filed a reply and
rebuttal to Wathen and Butlers motion to
dismiss.  

Without conducting a hearing, the
trial court dismissed Barkers actions on September 9, 2009, without
prejudice.  The trial courts order
stated that Barkers claims lack an arguable basis in law and are dismissed under
Tex. Civ. Prac. & Rem. Code §
14.003.  The trial court
additionally found that Barker had failed to comply with sections 14.004,
14.005, and 14.006 of the Texas Civil Practice & Remedies Code.  This appeal followed.  Barkers brief argues that the trial court
wrongly dismissed the case as frivolous because of negligence and
misallocation of the reply and rebuttal by the District Clerk.  Disagreeing with Barkers allegations, we
affirm the decision of the trial court.

Standard of Review

            As
an appellate court, we review the trial courts dismissal of inmate litigation
wherein the inmate is proceeding in forma
pauperis under an abuse of discretion
standard.  See Hickson v. Moya,
926 S.W.2d 397, 398 (Tex.App.Waco 1996, no writ).  A trial court abuses its discretion when it
acts without reference to any guiding rules or legal principles.  See Columbia Rio
Grande Healthcare, L.P. v. Hawley, 284 S.W.3d 852, 856 (Tex. 2009).  

Analysis

            Barkers
sole issue is that he filed a rebuttal and reply to Wathen
and Butlers answer and motion to dismiss. 
Further, Barker alleges that the trial court was not allowed an
opportunity to review and consider the reply and rebuttal due to the
negligence of the District Clerk of Lubbock County.  Barkers contention is wrong for at least two
reasons.  First, the record clearly
demonstrates that Barkers reply and rebuttal was filed with the District
Clerk on July 29, 2009.  Therefore, the
trial court had the opportunity to review the reply and rebuttal before it
issued its order of dismissal without prejudice on September 9, 2009.  Barker has cited us to nothing but his
assertions that the document was not reviewed by the trial court prior to the
dismissal being entered.  Without some
citation to the clerks record that would indicate that the document complained
of was not filed as reflected in the record, Barkers naked assertions present
nothing for review.  See Brooks
v. City of Dallas, 168 S.W.3d 370, 372 (Tex.App.Dallas
2005,  no pet.)
(citing Thedford
v. Union Oil Co., 3 S.W.3d 609, 615 (Tex.App.Dallas
1999, pet denied)).

Second, Barker contends that the
reply and rebuttal document refutes Whalen and Butlers reliance on Bohannan v. Texas Department of Criminal Justice,
942 S.W.2d 113, 117 (Tex. App.Austin 1997, writ denied) (explaining that
section 2001.226 of the Tex. Govt.
Code Ann. (Vernon 2008) provides that the Administrative Procedures Act
does not apply to a rule or internal procedure of the Texas Department of
Criminal Justice).  However, Barker cites
no case law to support his position. 
Further, Bohannan is still the
operative law and has not been overruled. 
The trial court followed the existing guiding rules and legal principles
and, therefore, did not abuse its discretion. 
See Columbia Rio Grande Healthcare, 284
S.W.3d at 856. 

Conclusion

            Because
the trial court followed the correct law, it did not abuse its discretion by
dismissing Barkers lawsuit.  We overrule
his sole issue and affirm the judgment of the trial court.  

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Further reference to the Texas Civil Practice &
Remedies Code shall be by reference to section(s) ___ or § ____."