NO. 07-02-0309-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 10, 2002



______________________________




IN THE MATTER OF THE MARRIAGE OF


JANETTE EVE SHULTZ AND DAMON SCOTT SHRAUNER



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 65270-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

DISMISSAL


 By letter dated September 24, 2002, this Court directed appellant Damon Scott
Shrauner to pay the required filing fee of $125 by Friday, October 4, 2002, before any
further action could be taken in this appeal, noting that failure to do so might result in
dismissal. Unless a party is excused from paying a filing fee, the Clerk of this Court is
required to collect filing fees set by statute or the Supreme Court when an item is
presented for filing. See Tex. R. App. P. 5 and 12.1(b). Although the filing of a notice of
appeal invokes this Court's jurisdiction, if a party fails to follow the prescribed rules of
appellate procedure, the appeal may be dismissed. Tex. R. App. P. 25.1(b). Thus,
because the filing fee of $125 remains unpaid, we must dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee
within ten days. Tex. R. App. P. 42.3(c).


 Don H. Reavis

 Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



tion WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-08-0294-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2009
                                       ______________________________

SALVADORE A. LIZAMA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-432588; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINIONAppellant Salvadore A. Lizama appeals from the judgment revoking his community
supervision and sentencing him to seven years of confinement in the Institutional Division
of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008). Agreeing with appointed
counsel’s conclusion the record fails to show any arguably meritorious issue that could
support the appeal, we affirm the trial court’s judgment. 
          In January 2000, appellant was indicted for delivery of a controlled substance in a
drug-free zone.


 In March 2001, pursuant to a plea agreement, appellant plead guilty as
charged in the indictment and received a sentence including seven years’ confinement, 
probated for seven years. Appellant’s community supervision was conditioned on his
compliance with specified terms and conditions. 
          In March 2002, the State filed an Application to Revoke Community Supervision
alleging various violations of the terms of appellant’s community supervision. This motion
was dismissed and appellant was placed in Intensive Supervision probation for a period
of one year. Thereafter, on February 20, 2008, the State filed a second Application to
Revoke Community Supervision, alleging eight violations of the terms and conditions of
appellant’s supervision. This motion was heard by the court in June 2008. Appellant plead
”not true” to each of the State’s allegations. 
          The court heard testimony from appellant’s community supervision officer
concerning appellant’s admissions of use of marijuana and alcohol, and concerning
appellant’s failure to report as required, failure to request permission from or notify the
probation office of his change of address, failure to make required payments and failure
to avoid people of disreputable or harmful character. The court also heard the testimony
of two Lubbock police officers, concerning appellant’s possession in October 2007 of a
green leafy substance that they said was marijuana.



          Appellant did not offer evidence at the hearing on the State’s motion, but his counsel
pointed out deficiencies in some of the State’s evidence. Counsel asked the court to
extend appellant’s probation and place him in a program to assist him with his drug
problem. 
        After hearing the evidence, the court revoked appellant’s community supervision,
finding five of the State’s allegations to be “true”


 and assessed appellant’s punishment at
seven years of confinement in the Institutional Division. The court certified appellant’s right
of appeal, and he timely filed notice of appeal.
          Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and
a brief in support pursuant to Anders in which he certifies that he has diligently reviewed the
record and, in his professional opinion, under the controlling authorities and facts of this
case, there is no reversible error or legitimate grounds on which a non-frivolous appeal
arguably can be predicated. The brief discusses the procedural history of the case and the
proceedings in connection with the motion to revoke community supervision. Counsel
discusses the applicable law and sets forth the reasons he concludes there are no arguably
meritorious issues on which to base an appeal. Counsel has certified that a copy of the
Anders brief and motion to withdraw have been served on appellant, and that counsel has
advised appellant of his right to review the record and file a pro se response. Johnson v.
State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also
notified appellant of his opportunity to submit a response to the Anders brief and motion to
withdraw filed by his counsel. Appellant has filed a response raising an issue of ineffective
assistance of counsel.
          In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991). 
          In his brief, counsel discusses several potential issues, but concludes none are 
arguably meritorious. We agree.   In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community supervision
as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.
1993); Herrera v. State, 951 S.W.2d 197, 199 (Tex.App.–Corpus Christi 1997, no pet.). 
When the State alleges more than one violation, proof of any one of them will support
revocation. Moore v. State, 11 S.W.3d 495, 498 (Tex.App.–Houston [14th Dist.] 2000, no
pet.). The trial judge in such a proceeding is the sole trier of fact. Id.; Taylor v. State, 604
S.W.2d 175, 179 (Tex.Crim.App. 1980).
          In his response, appellant seems to argue he received ineffective assistance of
counsel at both the trial and appellate level in these proceedings. See Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v. State,
726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of
counsel). We see no support for such a contention in the record before us. 
          Appellant also mentions the harshness of the sentence imposed. A sentence imposed
within the range of punishment established by the Legislature generally will not be disturbed
on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.–Eastland 1996, pet. ref’d). 
The offense to which appellant plead guilty was a first degree felony, with a punishment range
of five to ninety-nine years or life in prison and a fine of up to $10,000. Tex. Health & Safety
Code Ann. §§ 481.112(a), (c) (Vernon 2001); Tex. Health & Safety Code Ann. § 481.134(b)
(Vernon 2003); Tex. Penal Code Ann. § 12.32 (Vernon 2003). The trial court sentenced
appellant to seven years, the sentence originally agreed on, and a sentence well within the
statutorily permissible range. The sentence imposed does not raise an arguably meritorious
appellate issue.
          Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the record to determine whether
there are any arguable grounds which might support the appeal from the revocation and
sentence. We agree it presents no arguably meritorious grounds for review. Accordingly, we
grant counsel's motion to withdraw


 and affirm the judgment of the trial court.
 
                                                                James T. Campbell

                                                                          Justice

 
 
 
 
Do not publish.