**Michael Jaramillo FLORES, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–96–029–CR.

Court of Appeals of Texas,
Eastland.

Dec. 19, 1996.

Stan Brown, Abilene, for appellant.

James Eidson, Criminal District Attorney, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Abilene, for appellee.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, Senior Justice.*

DICKENSON, Justice.

Michael Jaramillo Flores pleaded guilty to aggravated robbery,[1] and the jury assessed his punishment at 25 years confinement. We affirm.

Appellant presents a solitary point of error, arguing that the evidence was "factually insufficient" to support the jury's assessment of punishment. This point will be overruled for two reasons. First, we will follow the general rule that a penalty assessed within the range of punishment established by the legislature will not be disturbed on ap-

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District at Eastland sitting by assignment.

1. The offense is defined as a felony of the first degree in TEX.PENAL CODE ANN. § 29.03 (Vernon 1994).

peal. See, e.g., *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Cr.App.1984); *Nunez v. State,* 565 S.W.2d 536, 538 (Tex.Cr.App.1978). See also and compare *Eldridge v. State,* —— S.W.2d ——, ——, 1996 WL 668596 (No. 71,863, Tex.Cr.App., November 20, 1996) (not yet reported) (slip opinion at p. 9).

■ The recent holding in *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App.1996), does not apply to the assessment of punishment. Second, if *Clewis* were applicable, we would hold that a jury verdict that appellant should be confined for 25 years is not "manifestly unjust." It does not shock the conscience, nor does it show bias. Appellant entered a plea of guilty to aggravated robbery, and the evidence shows that he fired a rifle and appeared to be the leader. One of the victims testified that she believed the two people with guns "were going to kill us." She also testified that the experience had changed her life. The jury also knew that appellant had received probation on a prior offense involving possession of a sawed-off shotgun. Under the range of punishment authorized for this first degree felony, the jury could have assessed punishment at imprisonment for life or for any term of not less than five nor more than 99 years. See TEX.PENAL CODE ANN. § 12.32 (Vernon 1994).

The judgment of the trial court is affirmed.