NO. 07-00-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 9, 2001

______________________________

EDWARD EARL JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 33,038-A; HONORABLE DAVID GLEASON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of guilty for possession of a controlled substance, on February 10, 1994, appellant Edward Earl Jackson was granted deferred adjudication and placed on community supervision for five years.  On November 2, 1998, the trial court heard evidence of alleged violations of the conditions of community supervision and appellant was adjudicated guilty of the original offense.  Punishment was assessed at ten years confinement, suspended, and a $500 fine.  Then, on June 29, 2000, pursuant to the State’s motion to revoke for the offense of driving while intoxicated and several other alleged violations, appellant’s community supervision was revoked and sentence was imposed at ten years confinement and a $500 fine.  Although appellant filed a general notice of appeal, we have jurisdiction to review the matter because there was no agreement on punishment.  
See
 Tex. R. App. P. 25.2(b).  
In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro se
 brief if he desires to do so.  Appellant did not file a 
pro se 
brief.  The State did not favor us with a brief. 

A review of the facts shows that appellant was originally granted deferred adjudication for possession of a controlled substance and placed on community supervision for five years in 1994.  Thereafter, his period of community supervision was extended another three years.  Appellant was adjudicated guilty in 1998 and his community supervision was rolled to straight probation for ten years.  In March 2000, the State filed a motion to revoke for, among other violations, driving while intoxicated.  At the hearing on the State’s motion, appellant entered a plea of true to each allegation contained in the motion.  When questioned by the trial court, appellant indicated he was thinking clearly and understood that without an agreement, the full range of punishment could be imposed.

Counsel presents three arguable points on appeal, to wit: (1) ineffective assistance of counsel, (2) involuntariness of appellant’s plea of true, and (3) abuse of discretion by the trial court in imposing a ten year sentence.  However, after a discussion of the evidence and legal authorities, counsel candidly concedes that no reversible error is presented.  The voluntariness of appellant’s plea of true was confirmed by his own testimony at the revocation hearing.  He indicated he was thinking clearly and knew that the full range of punishment could be assessed.  Given this situation, appellant is not able to establish ineffective assistance of counsel under the guidelines of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); 
see also
 Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App. 1986).

Generally, a penalty imposed within the range of punishment established by the Legislature will not be disturbed on appeal.  Flores v. State, 936 S.W.2d 478 (Tex.App.–Eastland 1996, pet. ref’d).  Although appellant received the maximum range of punishment for the original offense, based on the history of the case and the numerous times appellant was placed on community supervision, the trial court did not abuse its discretion in sentencing appellant to ten years confinement.  Additionally, appellant’s unequivocal plea of true to all allegations contained in the State’s motion to revoke standing alone is sufficient to justify the revocation order.  Cole v. State, 578 S.W.2d 127, 128 (Tex.Cr.App. 1979). 
 

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis

     Justice

Do not publish.

FOOTNOTES
1:
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).