NO. 07-02-0178-CR


 07-02-0179-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 24, 2002



______________________________




KEITH O'BRYANT MOSLEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 9TH DISTRICT COURT OF WALLER COUNTY;



NOS. 10712, 10713; HONORABLE WOODY DENSEN, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Keith O'Bryant Mosley has given notice of appeal from convictions and
sentences in cause numbers 10712 and 10713 in the 9th District Court of Waller County,
Texas (the trial court), for delivery of a controlled substance. The clerk of this court
received and filed the trial court clerk's record on April 19, 2002. The trial court reporter's
record was due to be filed no later than May 15, 2002, according to this court's extension
of the due date for such record. The clerk of this court is in receipt of a letter from the court
reporter which was filed on June 14, 2002, which advises that (1) appellant has neither
paid nor made arrangements to pay for the reporter's record on appeal, (2) appellant has
not made any designation of record on appeal, and (3) no reporter's record is being
prepared. No reporter's record has been filed. The clerk's record in this court reflects no
further action by any party to the appeal to prosecute the appeals. 

 Accordingly, the appeals are abated and the causes are remanded to the trial court. 
Tex. R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine: (1) whether
appellant desires to prosecute the appeals; (2) if appellant desires to prosecute the
appeals, then whether appellant is indigent, and if not indigent, whether counsel for
appellant has abandoned the appeals; (3) if appellant desires to prosecute the appeals,
whether appellant's present counsel should be replaced; and (4) what orders, if any, should
be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant
desires to prosecute the appeals, to assure that the appeals will be diligently pursued. If
the trial court determines that the present attorney for appellant should be replaced, the
court should cause the clerk of this court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the supplemental clerk's
record or the reporter's record. In the absence of a request for extension of time, the
supplemental clerk's record, reporter's record of the hearing and proceedings pursuant to
this order, and any additional proceeding records, including any orders, findings,
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than July 26, 2002. 

 

 Per Curiam

Do not publish.





l from a trial court's determination to adjudicate guilt. Tex. Code
Crim. Proc. Ann. art. 42.12, § (5)(b) (Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738,
741 (Tex.Cr.App. 1999). Thus, we have no jurisdiction to review the trial court's order
adjudicating appellant guilty. However, we may review all of the proceedings conducted after the
adjudication of guilt on the original charge. See Olowosuko v. State, 826 S.W.2d 940, 942
(Tex.Cr.App. 1992). Therefore, an appeal may be had to challenge the assessment of
punishment and pronouncement of sentence. Art. 42.12, § (5)(b). 

 Generally, a penalty imposed within the range of punishment established by the
Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.--Eastland 1996, pet. ref'd). Appellant was adjudicated guilty on two charges of credit card abuse,
a state jail felony with a range of punishment from 180 days to two years. Tex. Pen. Code Ann.
§§ 12.35(a), 32.31(b) (Vernon 2003). We find the trial court did not err in assessing as
punishment concurrent 18 month sentences on each case. 

 Notwithstanding, we have made an independent examination of the entire record to
determine whether there are any arguable grounds which might support the appeals. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeals are without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974). 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court
is affirmed. 

 Don H. Reavis

 Justice


Do not publish.