11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Daniel Ray Corley

Appellant          

Vs.                   No.
11-02-00055-CR B Appeal from Harris County

State of Texas

Appellee 

 

This is an
appeal from an adjudication of guilt. 
Appellant pleaded guilty on October 5, 1999, to the offense of assault
on a public servant.  The trial court
deferred the adjudication of guilt and placed appellant on community
supervision for 6 years and assessed a fine of $500.  On October 17, 2001, the State filed a motion to adjudicate
guilt.  Appellant pleaded not true to
the allegations in the motion to adjudicate guilt.  The trial court found the allegations to be true and sentenced
appellant to 6 years confinement.  We
affirm.

Appellant
raises three points of error.  First,
appellant asserts that there was insufficient evidence presented by the State
at the hearing on the motion to adjudicate to prove that appellant was the same
person who was placed on community supervision.  

 TEX. CODE CRIM. PRO. ANN. art. 42.12 (Vernon
Supp. 2003) controls the procedures for deferred adjudication.  Specifically, Article 42.12, section 5(b)
provides that there shall be no appeal taken from the trial court=s determination to adjudicate.  Since appellant=s first point of error is actually a
sufficiency of the evidence argument, it is an appeal of the trial court=s determination of guilt and, therefore,
cannot be reviewed by this court.  See
Phynes v. State, 828 S.W.2d 1 (Tex.Cr.App.1992).  Appellant=s first point of error is overruled.  


Appellant
next asserts a violation of his due process rights under TEX. CONST. art. I, ' 19 alleging that the trial court abused its
discretion in failing to reinstate his community supervision and in imposing an
excessive term of 6 years imprisonment. 
Appellant also claims that 6 years punishment is a violation of his
right to be free from cruel and unusual punishment under U.S. CONST. amends.
VIII & XIV.  Both of these
challenges fail. 








This court
reviews the trial court=s assessment of punishment under an abuse of discretion standard.  Jackson v. State, 680 S.W.2d 809
(Tex.Cr.App.1984).  Due process mandates
that a neutral judicial officer 
consider the full range of punishment and the mitigating evidence.  Salinas v. State, 9 S.W.3d 338 (Tex.App. B San Antonio 1999, no pet=n). 
Punishment assessed within the range established by the legislature will
not be disturbed on appeal.  Flores v.
State, 936 S.W.2d 478 (Tex.App. B Eastland 1996, pet=n ref=d). 
The Eighth Amendment prohibits punishments that are Agrossly disproportionate@ to the offense for which the defendant has
been convicted.  Harmelin v. Michigan,
501 U.S. 957 (1991); Bradfield v. State, 42 S.W.3d 350 (Tex.App. B Eastland 2001, pet=n ref=d).  The trial court=s assessment of 6 years confinement was
within the range of punishment authorized by TEX. PENAL CODE ANN. ' 12.34 (Vernon 1994).  There is no evidence that 6 years
confinement is Agrossly disproportionate@ to the offense of assault on a public
servant.  The trial court did not abuse
its discretion in assessing appellant=s punishment.  Points of Error
Nos. 2 and 3 are overruled. 

The
judgment of the trial court is affirmed. 

 

JIM
R. WRIGHT

JUSTICE

 

February 27, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.