NO. 07-02-0413-CR


NO. 07-02-0414-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 3, 2003


________________________________




JEREMIAH CASEY JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NOS. 83175 & 83178; HONORABLE CHARLES D. CARVER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ. 

MEMORANDUM OPINION


 On August 13, 2001, appellant Jeremiah Casey Jones pled guilty in two separate cases
to the offense of credit card abuse. Finding the evidence sufficient to support appellant's pleas,
the trial court deferred findings of guilt and placed him on community supervision for a period of
four years. At a hearing on the State's motions to revoke unadjudicated probation on July 26,
2002, appellant pled true to committing a new offense in violation of the terms of his community
supervision, and the trial court adjudicated him guilty and sentenced him to two concurrent 18
month sentences. In presenting these appeals, counsel for appellant filed an Anders brief in
support of motions to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967). Based upon the rationale expressed herein, we affirm. 

 In support of the motions to withdraw, counsel certifies she diligently reviewed the records
and, in her opinion, they reflect no reversible error or grounds upon which an appeal can be
predicated. Thus, she concludes the appeals are without merit. In the brief, counsel candidly
discusses why, under the controlling authorities, there is no error in the court's judgments. See
High v. State, 573 S.W.2d 807, 813 ( Tex.Cr.App. 1978). By the brief, the attorney also certifies
she provided appellant with a copy of the brief and advised him of his rights to review the records
and to file a pro se brief. To date, appellant has not availed himself of those rights.

 According to the records, appellant was granted deferred adjudication for two charges of
credit card abuse. On two separate occasions, administrative hearings were held regarding
numerous violations of the terms and conditions of community supervision. Shortly after the
second administrative hearing, the State filed motions to revoke in both cases alleging three
violations. Appellant pled to one of the allegations in each case, and the State abandoned the
others. The trial court granted the State's motions, adjudicated appellant guilty, and assessed
as punishment a period of confinement in a state jail facility.

 At the outset, we note the Code of Criminal Procedure expressly denies a criminal
defendant the right to appeal from a trial court's determination to adjudicate guilt. Tex. Code
Crim. Proc. Ann. art. 42.12, § (5)(b) (Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738,
741 (Tex.Cr.App. 1999). Thus, we have no jurisdiction to review the trial court's order
adjudicating appellant guilty. However, we may review all of the proceedings conducted after the
adjudication of guilt on the original charge. See Olowosuko v. State, 826 S.W.2d 940, 942
(Tex.Cr.App. 1992). Therefore, an appeal may be had to challenge the assessment of
punishment and pronouncement of sentence. Art. 42.12, § (5)(b). 

 Generally, a penalty imposed within the range of punishment established by the
Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.--Eastland 1996, pet. ref'd). Appellant was adjudicated guilty on two charges of credit card abuse,
a state jail felony with a range of punishment from 180 days to two years. Tex. Pen. Code Ann.
§§ 12.35(a), 32.31(b) (Vernon 2003). We find the trial court did not err in assessing as
punishment concurrent 18 month sentences on each case. 

 Notwithstanding, we have made an independent examination of the entire record to
determine whether there are any arguable grounds which might support the appeals. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeals are without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974). 

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court
is affirmed. 

 Don H. Reavis

 Justice


Do not publish.