NO. 07-02-0413-CR
NO. 07-02-0414-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2003
_____

JEREMIAH CASEY JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NOS. 83175 & 83178; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

On August 13, 2001, appellant Jeremiah Casey Jones pled guilty in two separate cases to the offense of credit card abuse. Finding the evidence sufficient to support appellant's pleas, the trial court deferred findings of guilt and placed him on community supervision for a period of four years. At a hearing on the State's motions to revoke unadjudicated probation on July 26, 2002, appellant pled true to committing a new offense in violation of the terms of his community

supervision, and the trial court adjudicated him guilty and sentenced him to two concurrent 18 month sentences. In presenting these appeals, counsel for appellant filed an *Anders* brief in support of motions to withdraw. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based upon the rationale expressed herein, we affirm.

In support of the motions to withdraw, counsel certifies she diligently reviewed the records and, in her opinion, they reflect no reversible error or grounds upon which an appeal can be predicated. Thus, she concludes the appeals are without merit. In the brief, counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgments. *See* High v. State, 573 S.W.2d 807, 813 ( Tex.Cr.App. 1978). By the brief, the attorney also certifies she provided appellant with a copy of the brief and advised him of his rights to review the records and to file a *pro se* brief. To date, appellant has not availed himself of those rights.

According to the records, appellant was granted deferred adjudication for two charges of credit card abuse. On two separate occasions, administrative hearings were held regarding numerous violations of the terms and conditions of community supervision. Shortly after the second administrative hearing, the State filed motions to revoke in both cases alleging three violations. Appellant pled to one of the allegations in each case, and the State abandoned the others. The trial court granted the State's motions, adjudicated appellant guilty, and assessed as punishment a period of confinement in a state jail facility.

At the outset, we note the Code of Criminal Procedure expressly denies a criminal defendant the right to appeal from a trial court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § (5)(b) (Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738,

741 (Tex.Cr.App. 1999). Thus, we have no jurisdiction to review the trial court's order adjudicating appellant guilty. However, we may review all of the proceedings conducted after the adjudication of guilt on the original charge. *See* Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Cr.App. 1992). Therefore, an appeal may be had to challenge the assessment of punishment and pronouncement of sentence. Art. 42.12, § (5)(b).

Generally, a penalty imposed within the range of punishment established by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.--Eastland 1996, pet. ref'd). Appellant was adjudicated guilty on two charges of credit card abuse, a state jail felony with a range of punishment from 180 days to two years. Tex. Pen. Code Ann. §§ 12.35(a), 32.31(b) (Vernon 2003). We find the trial court did not err in assessing as punishment concurrent 18 month sentences on each case.

Notwithstanding, we have made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeals. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeals are without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

3