NO. 07-02-0373-CR
NO. 07-02-0374-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2003

_____

ANDREW CLIFTON DOUGLAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 43,129-E & 43,130-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

On January 3, 2001, appellant Andrew Clifton Douglas pled guilty in two separate cases to burglary of a habitation and robbery. Finding the evidence sufficient to support appellant's pleas, the trial court deferred findings of guilt and placed him on community supervision for a period of five years for the burglary charge and eight years for the robbery offense. At a

---

[1]Tex. R. App. P. 47.2(a).

hearing on the State's amended motions to proceed with adjudication of guilt on August 22, 2002, appellant pled true to a number of violations of the terms of his community supervision, and the trial court adjudicated him guilty and sentenced him to concurrent sixteen year sentences. In presenting these appeals, counsel for appellant filed an *Anders* brief in support of motions to withdraw. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Based upon the rationale expressed herein, we affirm.

In support of the motions to withdraw, counsel certifies she performed a conscientious examination of the records and, in her opinion, they reflect no reversible error or grounds upon which an appeal can be predicated. Thus, she concludes the appeals are frivolous. In the brief, counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgments. *See* High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). By the brief, counsel also certifies she provided appellant with a copy of the brief and advised him of his rights to review the records and to file a *pro se* response. On March 13, 2003, appellant filed a response claiming his trial attorney failed to convey a ten year plea offer.[2]

At the outset, we note the Code of Criminal Procedure expressly denies a criminal defendant the right to appeal from a trial court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § (5)(b) (Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738,

---

[2]Failure of defense counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness. Ex parte Lemke, 13 S.W.3d 791, 795 (Tex.Cr.App. 2000). Consequently, we deem appellant's complaint to be one of ineffective assistance of counsel. We recognize ineffective assistance claims may be raised for the first time on direct appeal. *See* Robinson v. State, 16 S.W.3d 808, 813 (Tex.Cr.App. 2000). However, in the context of an adjudication proceeding, we may only review ineffective assistance claims as they pertain to post-adjudication matters. *See* Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Cr.App. 1992). Appellant makes no such complaints; therefore, he presents no arguable ground for appeal.

741 (Tex.Cr.App. 1999). Thus, we have no jurisdiction to review the trial court's order adjudicating appellant guilty. However, we may review all of the proceedings conducted after the adjudication of guilt on the original charge. *See* Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Cr.App. 1992). Therefore, an appeal may be had to challenge the assessment of punishment and pronouncement of sentence. Art. 42.12, § (5)(b).

Generally, a penalty imposed within the range of punishment established by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.--Eastland 1996, pet. ref'd). Appellant was adjudicated guilty on one charge of robbery and another of burglary of a habitation, each of which is a second degree felony with a range of punishment from two to twenty years. Tex. Pen. Code Ann. §§ 12.33(a), 29.02(a)(2), 30.02(a)(1) (Vernon 2003). We find the trial court did not err in assessing as punishment concurrent 16 year sentences.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeals. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 ( 1988); *see also* Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeals are without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Accordingly, counsel's motions to withdraw are granted, and the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.