NO. 07-02-0373-CR 


NO. 07-02-0374-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 3, 2003



______________________________





ANDREW CLIFTON DOUGLAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 108
TH DISTRICT COURT OF POTTER COUNTY;



NOS. 43,129-E & 43,130-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION (1)


 On January 3, 2001, appellant Andrew Clifton Douglas pled guilty in two separate cases
to burglary of a habitation and robbery. Finding the evidence sufficient to support appellant's
pleas, the trial court deferred findings of guilt and placed him on community supervision for a
period of five years for the burglary charge and eight years for the robbery offense. At a
hearing on the State's amended motions to proceed with adjudication of guilt on August 22,
2002, appellant pled true to a number of violations of the terms of his community supervision,
and the trial court adjudicated him guilty and sentenced him to concurrent sixteen year
sentences. In presenting these appeals, counsel for appellant filed an Anders brief in support
of motions to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967). Based upon the rationale expressed herein, we affirm. 

 In support of the motions to withdraw, counsel certifies she performed a conscientious
examination of the records and, in her opinion, they reflect no reversible error or grounds upon
which an appeal can be predicated. Thus, she concludes the appeals are frivolous. In the
brief, counsel candidly discusses why, under the controlling authorities, there is no error in the
court's judgments. See High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978). By the brief,
counsel also certifies she provided appellant with a copy of the brief and advised him of his
rights to review the records and to file a pro se response. On March 13, 2003, appellant filed
a response claiming his trial attorney failed to convey a ten year plea offer. (2)

 At the outset, we note the Code of Criminal Procedure expressly denies a criminal
defendant the right to appeal from a trial court's determination to adjudicate guilt. Tex. Code
Crim. Proc. Ann. art. 42.12, § (5)(b) (Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738,
741 (Tex.Cr.App. 1999). Thus, we have no jurisdiction to review the trial court's order
adjudicating appellant guilty. However, we may review all of the proceedings conducted after
the adjudication of guilt on the original charge. See Olowosuko v. State, 826 S.W.2d 940, 942
(Tex.Cr.App. 1992). Therefore, an appeal may be had to challenge the assessment of
punishment and pronouncement of sentence. Art. 42.12, § (5)(b). 

 Generally, a penalty imposed within the range of punishment established by the
Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.--Eastland 1996, pet. ref'd). Appellant was adjudicated guilty on one charge of robbery and
another of burglary of a habitation, each of which is a second degree felony with a range of
punishment from two to twenty years. Tex. Pen. Code Ann. §§ 12.33(a), 29.02(a)(2),
30.02(a)(1) (Vernon 2003). We find the trial court did not err in assessing as punishment
concurrent 16 year sentences. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeals. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 ( 1988); see also Stafford v. State, 813
S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeals are without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974). 

 Accordingly, counsel's motions to withdraw are granted, and the judgments of the trial
court are affirmed. 


 Don H. Reavis

 Justice

Do not publish. 
1. Tex. R. App. P. 47.2(a).
2. Failure of defense counsel to inform a criminal defendant of plea offers made by the
State is an omission that falls below an objective standard of professional reasonableness. Ex
parte Lemke, 13 S.W.3d 791, 795 (Tex.Cr.App. 2000). Consequently, we deem appellant's
complaint to be one of ineffective assistance of counsel. We recognize ineffective assistance
claims may be raised for the first time on direct appeal. See Robinson v. State, 16 S.W.3d
808, 813 (Tex.Cr.App. 2000). However, in the context of an adjudication proceeding, we may
only review ineffective assistance claims as they pertain to post-adjudication matters. See
Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Cr.App. 1992). Appellant makes no such
complaints; therefore, he presents no arguable ground for appeal.