NO. 07-05-0022-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 31, 2005



______________________________




IN RE MICHAEL SCOTT, RELATOR


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Michael Scott, acting pro se, seeks a writ of mandamus directing
respondent, the Honorable Pat Pirtle, Judge of the 251st District Court of Potter County,
to rule on a discovery sanctions motion. We deny relief. 

 Relator has filed with the clerk of this court a pleading entitled Petition for Writ of
Mandamus. He alleges that he has filed a motion for sanctions in cause number 90,231-C
in the 251st District Court; he has filed a request that the district clerk present the motion
to the court for ruling; and that respondent has failed to rule on the motion. We are
requested to direct respondent to rule. 

 In support of the petition for writ of mandamus, relator attached hand-written
documents which he declares, under penalty of perjury, are true and correct copies of the
original documents. The documents, however, do not demonstrate file-marks or copies of
file marks and are not certified by the Potter County clerk as copies of documents which
have been filed. 

 When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the
petition a certified sworn copy of every document that is material to relator's claim for relief
that was filed in any underlying proceeding, and a properly authenticated transcript of any
relevant testimony from any underlying proceeding, including any exhibits offered in
evidence or a statement that no testimony was adduced in connection with the matter
complained of. Tex. R. App. P. 52.7(a).

 Moreover, relators seeking issuance of writ of mandamus must satisfy three
requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for
performance; and (3) a refusal to act. See Stoner v. Massey, 586 S.W.2d 843, 846 (Tex.
1979). A court is not required to consider a motion not called to its attention. Metzger v.
Sebek, 892 S.W.2d 20, 49 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Showing that
a motion was filed with the court clerk does not constitute proof that the motion was brought
to the trial court's attention or presented to the trial court with a request for a ruling. See
In re Chavez, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001) (orig. proceeding). 

 Relator has not attached certified, sworn copies of motions and correspondence
referenced in the petition. Relator has not shown that demand has been made upon
respondent or that respondent has been made aware of relator's alleged motion or request
for action on the alleged motion, or that respondent has refused to act. Relator has not
presented a record which shows entitlement to the relief sought, or upon which we are
authorized to act.

 The petition for writ of mandamus is denied.


 Phil Johnson

 Chief Justice



r, (2) but the offense was dismissed in exchange for his
guilty plea to aggravated robbery.

 The State presented punishment evidence, and although appellant testified at the
adjudication phase, he did not present any other evidence during the punishment phase. 
Following imposition of the 40-year sentence by the trial court, appellant stated, "I can't
believe a man can come in here and in 30 minutes, and something's [sic] that's taken over
14 years and he and [sic] I get punished this way." No objection, however, was lodged to
the trial court's sentence. 

 Assuming, arguendo, that appellant's comment can be interpreted as preserving a
complaint of the trial court's decision, assessment of punishment is within the discretion
of the trial court. A sentence imposed within the range of punishment established by the
Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79
(Tex.App.-Eastland 1996, pet. ref'd). Aggravated robbery is a first degree felony. See
Tex. Pen. Code Ann. § 29.03(b). Burglary of a habitation is also a first degree felony. See
§ 30.02(d). A first degree felony carries a sentence of life or any term of not more than 99
years or less than 5 years. § 12.32(a). We conclude the trial court did not abuse its
discretion in assessing punishment at 40 years confinement. Issues one through four are
overruled.

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. The Court held that a trial judge must check the box on the certification form
indicating the case "is not a plea-bargain case, and the defendant has the right of appeal." 
Hargesheimer, 182 S.W.3d at 913. However, article 42.12, section 5(b) of the Texas
Code of Criminal Procedure will continue to prohibit the appeal of the trial court's decision
to adjudicate guilt. Id.
2. The officer could not recall the exact charge and did not have the warrant before
him.