NO. 07-05-0180-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 29, 2005



______________________________


 

TONICA OCTIVE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT OF POTTER COUNTY;



NO. 109765; HONORABLE PAMELA COOK SIRMON, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's motion to dismiss her appeal. Appellant and her
attorney both have signed the document stating that appellant withdraws her appeal. Tex. R.
App. P. 42.2(a). No decision of this Court having been delivered to date, we grant the motion. 
Accordingly, the appeal is dismissed. No motion for rehearing will be entertained and our
mandate will issue forthwith.

 James T. Campbell

 Justice

Do not publish.



">
Before QUINN and REAVIS and CAMPBELL, JJ.

ON REMAND FROM THE COURT OF CRIMINAL APPEALS


 By opinion dated March 29, 2005, we dismissed appellant Timothy Lawrence
Moore's appeals based on the trial court's certifications that the cases were plea bargain
cases with no right of appeal. On appellant's petition for discretionary review, the Court
of Criminal Appeals remanded the case for further consideration in light of its recent
decision in Hargesheimer v. State, 182 S.W.3d 906 (Tex.Cr.App. 2006). (1) 

 Pursuant to pleas of guilty, on May 9, 1997, appellant was granted deferred
adjudication in cause number 32,672-C for burglary of a habitation with intent to commit
theft and in cause number 37,670-C for aggravated robbery and placed on community
supervision for six years and ten years plus $2000 restitution, respectively. The State filed
motions to revoke alleging numerous violations of the conditions of community supervision,
including commission of a new offense. Appellant pled true to all but one allegation-the
new offense--and after hearing evidence, the trial court adjudicated him guilty of the
original offenses and assessed punishment at 40 years confinement.

 Presenting four issues, appellant maintains the trial court abused its discretion in
assessing punishment based on hearsay and information not in the record and subject to
confrontation and cross-examination. Although article 42.12, section 5(b) prohibits a
defendant from appealing a trial court's decision to adjudicate guilt, an appeal from post-adjudication proceedings is not foreclosed by the statute. However, any complaints
regarding post-adjudication proceedings must be preserved for review. See Tex. R. App.
P. 33.1(a). See also Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).

 During the adjudication phase, appellant testified to the facts of the 1988 aggravated
robbery with a firearm that resulted in the death of James Gilstrap. Appellant and another
party were involved; appellant, however, did not pull the trigger. During the punishment
phase, the deputy who investigated the 1988 offense testified that appellant was charged
with either murder or capital murder, (2) but the offense was dismissed in exchange for his
guilty plea to aggravated robbery.

 The State presented punishment evidence, and although appellant testified at the
adjudication phase, he did not present any other evidence during the punishment phase. 
Following imposition of the 40-year sentence by the trial court, appellant stated, "I can't
believe a man can come in here and in 30 minutes, and something's [sic] that's taken over
14 years and he and [sic] I get punished this way." No objection, however, was lodged to
the trial court's sentence. 

 Assuming, arguendo, that appellant's comment can be interpreted as preserving a
complaint of the trial court's decision, assessment of punishment is within the discretion
of the trial court. A sentence imposed within the range of punishment established by the
Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79
(Tex.App.-Eastland 1996, pet. ref'd). Aggravated robbery is a first degree felony. See
Tex. Pen. Code Ann. § 29.03(b). Burglary of a habitation is also a first degree felony. See
§ 30.02(d). A first degree felony carries a sentence of life or any term of not more than 99
years or less than 5 years. § 12.32(a). We conclude the trial court did not abuse its
discretion in assessing punishment at 40 years confinement. Issues one through four are
overruled.

 Accordingly, the judgments of the trial court are affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. The Court held that a trial judge must check the box on the certification form
indicating the case "is not a plea-bargain case, and the defendant has the right of appeal." 
Hargesheimer, 182 S.W.3d at 913. However, article 42.12, section 5(b) of the Texas
Code of Criminal Procedure will continue to prohibit the appeal of the trial court's decision
to adjudicate guilt. Id.
2. The officer could not recall the exact charge and did not have the warrant before
him.