NO. 07-06-0016-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 7, 2006


______________________________



RICHARD JOEL ORTEGA,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 108th DISTRICT COURT OF POTTER COUNTY;



NO. 46,448-E; HON. ABE LOPEZ, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Richard Joel Ortega appeals from the judgment of the trial court. The clerk's and
reporter's records were due to be filed on February 16, 2006. On February 27, 2006, the
clerk filed her first extension request to file the record because no attorney has been
appointed on appeal.

 Accordingly, we abate this appeal and remand the cause to the 108th District Court
of Potter County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal;


 2. whether appellant is indigent and entitled to appointed counsel and a
free record on appeal; and



 whether the trial court certified his right to appeal.



 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
April 6, 2006. Should further time be needed by the trial court to perform these tasks, then
same must be requested before April 6, 2006.

 It is so ordered.

 Per Curiam

Do not publish.



py of the brief to Appellant and informed Appellant that, in
counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified
Appellant of his right to review the record and file a pro se response if he desired to do so. The
Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. 
Appellant did not file a response. Neither did the State favor us with a brief.

 Appellant was indicted for possession of .24 grams of cocaine. The record shows that all
plea papers are in order and that Appellant was properly admonished after entering his plea of
guilty. He also pled true to both enhancement paragraphs and testified to the circumstances of his
previous convictions. 

 By the Anders brief, counsel presents four arguable issues, to-wit: (1) Appellant's plea of
guilty was not tendered either voluntarily or knowingly; (2) Appellant was denied effective
assistance of counsel; (3) the punishment evidence was insufficient to support a finding of true on
the enhancement paragraphs; and (4) the trial court abused its discretion in sentencing Appellant
to six years confinement. Counsel then reviews why no reversible error is presented by these
arguable grounds.

 When the record indicates that a defendant was properly admonished after pleading guilty,
it is sufficient evidence to establish a prima facie case that the plea was both knowing and
voluntary. Mallett v. State, 65 S.W.3d 59, 64 (Tex.Crim.App. 2001). The record before us
demonstrates that Appellant was properly admonished and therefore, we agree with counsel that
his plea was voluntarily and knowingly entered.

 A claim of ineffectiveness is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell within the
wide range of reasonable and professional representation. See Andrews v. State, 159 S.W.3d 98,
101 (Tex.Crim.App. 2005). Appellant took the stand and expressed his satisfaction with trial
counsel's performance. Trial counsel argued to the trial court in favor of community supervision,
or alternatively, a three-year sentence, due to the small quantity of cocaine possessed by
Appellant. We agree with counsel that the circumstances of Appellant's case do not demonstrate
that trial counsel was ineffective. Where a defendant pleads true to enhancement paragraphs, the
State's burden of proof is satisfied. Wilson v. State, 671 S.W.2d 524, 525 (Tex.Crim.App. 1984). 
A plea of true is evidence, and a defendant cannot complain on appeal that the evidence is
insufficient to support the enhancements. Harvey v. State, 611 S.W.2d 108, 111 (1981). We
agree with counsel that there is no reversible error presented regarding sufficiency of the evidence.

 A sentence imposed within the range of punishment established by the Legislature will not
be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.-Eastland 1996, pet.
ref'd). Appellant's previous convictions, which were introduced into evidence, support the trial
court's assessment of six years confinement. 

 We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct.
346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We
have found no such grounds. After reviewing the record and counsel's brief, we agree with counsel
that the appeal is frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is
affirmed. (2)

 Patrick A. Pirtle

 Justice


 

Do not publish.










 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Per Rule 48.4 of the Texas Rules of Appellate Procedure (effective September 1, 2007),
we remind counsel of the duty to inform Appellant within five days after the date of this opinion to
send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to
file a pro se petition for discretionary review under Rule 68. We further remind counsel of his duty
to file with this Court a letter certifying his compliance with Rule 48.4 within the time for filing a
motion for rehearing.