NO. 07-03-0129-CR
NO. 07-03-0130-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 5, 2006

_____

TIMOTHY LAWRENCE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NOS. 32,672-C & 32,670-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ON REMAND FROM THE COURT OF CRIMINAL APPEALS**

By opinion dated March 29, 2005, we dismissed appellant Timothy Lawrence Moore's appeals based on the trial court's certifications that the cases were plea bargain cases with no right of appeal. On appellant's petition for discretionary review, the Court

of Criminal Appeals remanded the case for further consideration in light of its recent decision in Hargesheimer v. State, 182 S.W.3d 906 (Tex.Cr.App. 2006).[1]

Pursuant to pleas of guilty, on May 9, 1997, appellant was granted deferred adjudication in cause number 32,672-C for burglary of a habitation with intent to commit theft and in cause number 37,670-C for aggravated robbery and placed on community supervision for six years and ten years plus $2000 restitution, respectively. The State filed motions to revoke alleging numerous violations of the conditions of community supervision, including commission of a new offense. Appellant pled true to all but one allegation–the new offense--and after hearing evidence, the trial court adjudicated him guilty of the original offenses and assessed punishment at 40 years confinement.

Presenting four issues, appellant maintains the trial court abused its discretion in assessing punishment based on hearsay and information not in the record and subject to confrontation and cross-examination. Although article 42.12, section 5(b) prohibits a defendant from appealing a trial court's decision to adjudicate guilt, an appeal from post-adjudication proceedings is not foreclosed by the statute. However, any complaints regarding post-adjudication proceedings must be preserved for review. *See* Tex. R. App. P. 33.1(a). *See also* Hardeman v. State, 1 S.W.3d 689, 690 (Tex.Cr.App. 1999).

---

[1]The Court held that a trial judge must check the box on the certification form indicating the case "is not a plea-bargain case, and the defendant has the right of appeal." *Hargesheimer*, 182 S.W.3d at 913. However, article 42.12, section 5(b) of the Texas Code of Criminal Procedure will continue to prohibit the appeal of the trial court's decision to adjudicate guilt. *Id*.

2

During the adjudication phase, appellant testified to the facts of the 1988 aggravated robbery with a firearm that resulted in the death of James Gilstrap. Appellant and another party were involved; appellant, however, did not pull the trigger. During the punishment phase, the deputy who investigated the 1988 offense testified that appellant was charged with either murder or capital murder,[2] but the offense was dismissed in exchange for his guilty plea to aggravated robbery.

The State presented punishment evidence, and although appellant testified at the adjudication phase, he did not present any other evidence during the punishment phase. Following imposition of the 40-year sentence by the trial court, appellant stated, "I can't believe a man can come in here and in 30 minutes, and something's [sic] that's taken over 14 years and he and [sic] I get punished this way." No objection, however, was lodged to the trial court's sentence.

Assuming, *arguendo*, that appellant's comment can be interpreted as preserving a complaint of the trial court's decision, assessment of punishment is within the discretion of the trial court. A sentence imposed within the range of punishment established by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.–Eastland 1996, pet. ref'd). Aggravated robbery is a first degree felony. *See* Tex. Pen. Code Ann. § 29.03(b). Burglary of a habitation is also a first degree felony. *See*

---

[2]The officer could not recall the exact charge and did not have the warrant before him.

3

§ 30.02(d).  A first degree felony carries a sentence of life or any term of not more than 99 years or less than 5 years.  § 12.32(a).  We conclude the trial court did not abuse its discretion in assessing punishment at 40 years confinement.  Issues one through four are overruled.

Accordingly, the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.