NO. 07-07-0050-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 5, 2007

_____

CARLOS RUBIO MONTENEGRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,051-E; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, Appellant, Carlos Rubio Montenegro, was convicted by the trial court of possession of a controlled substance, a state jail felony, enhanced. Punishment was assessed at six years confinement and a $700 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Monroe v. State*, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also shown that he sent a copy of the brief to Appellant and informed Appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified Appellant of his right to review the record and file a pro se response if he desired to do so. The Clerk of this Court also advised Appellant by letter of his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

Appellant was indicted for possession of .24 grams of cocaine. The record shows that all plea papers are in order and that Appellant was properly admonished after entering his plea of guilty. He also pled true to both enhancement paragraphs and testified to the circumstances of his previous convictions.

By the *Anders* brief, counsel presents four arguable issues, to-wit: (1) Appellant's plea of guilty was not tendered either voluntarily or knowingly; (2) Appellant was denied effective assistance of counsel; (3) the punishment evidence was insufficient to support a finding of true on the enhancement paragraphs; and (4) the trial court abused its discretion in sentencing Appellant to six years confinement. Counsel then reviews why no reversible error is presented by these arguable grounds.

When the record indicates that a defendant was properly admonished after pleading guilty, it is sufficient evidence to establish a prima facie case that the plea was both knowing and

2

voluntary. *Mallett v. State*, 65 S.W.3d 59, 64 (Tex.Crim.App. 2001). The record before us demonstrates that Appellant was properly admonished and therefore, we agree with counsel that his plea was voluntarily and knowingly entered.

A claim of ineffectiveness is reviewed under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). Appellant took the stand and expressed his satisfaction with trial counsel's performance. Trial counsel argued to the trial court in favor of community supervision, or alternatively, a three-year sentence, due to the small quantity of cocaine possessed by Appellant. We agree with counsel that the circumstances of Appellant's case do not demonstrate that trial counsel was ineffective. Where a defendant pleads true to enhancement paragraphs, the State's burden of proof is satisfied. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex.Crim.App. 1984). A plea of true is evidence, and a defendant cannot complain on appeal that the evidence is insufficient to support the enhancements. *Harvey v. State*, 611 S.W.2d 108, 111 (1981). We agree with counsel that there is no reversible error presented regarding sufficiency of the evidence.

A sentence imposed within the range of punishment established by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.–Eastland 1996, pet. ref'd). Appellant's previous convictions, which were introduced into evidence, support the trial court's assessment of six years confinement.

We have independently examined the entire record to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We

3

have found no such grounds.  After reviewing the record and counsel's brief, we agree with counsel that the appeal is frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.[2]

Patrick A. Pirtle
Justice

Do not publish.

---

[2]Per Rule 48.4 of the Texas Rules of Appellate Procedure (effective September 1, 2007), we remind counsel of the duty to inform Appellant within five days after the date of this opinion to send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a *pro se* petition for discretionary review under Rule 68.  We further remind counsel of his duty to file with this Court a letter certifying his compliance with Rule 48.4 within the time for filing a motion for rehearing.