Opinion filed December 31, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00021-CR

_____

## KENNETH DWAYNE GHANT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18169B**

## M E M O R A N D U M   O P I N I O N

After two unsuccessful attempts at modification of deferred adjudication community supervision, the trial court eventually revoked Kenneth Dwayne Ghant's community supervision and found him guilty of aggravated robbery with a deadly weapon, enhanced by one prior conviction. The trial court assessed Appellant's

punishment at confinement for twenty-five years and a $1,000 fine and sentenced him accordingly.  We affirm.

On the date of the offense, Appellant and Bruce Payne, Appellant's cousin, got into the backseat of a vehicle and demanded money or drugs from the two victims who were in the vehicle.  Payne used a gun to intimidate the victims.  The driver gave Appellant and Payne the cash that he had.  Appellant and Payne then forced the victims to drive to Ken's Cleaners to obtain more cash.  One of the victims went into the cleaners; Appellant and Payne stayed in the vehicle with the other victim, and Payne held him at gunpoint.  When the victim who went inside the cleaners began to make his way back to the vehicle, Appellant got out of the vehicle and ran away.

Later, law enforcement officers arrested Appellant, and the grand jury indicted him for aggravated robbery with a deadly weapon.  The indictment included an enhancement allegation—a prior conviction for tampering with evidence.

Appellant and the State entered into a plea bargain agreement.  In accordance with that agreement, Appellant entered a plea of guilty to the offense of aggravated robbery and pleaded "true" to the enhancement allegation.  The trial court deferred the adjudication of Appellant's guilt, placed him on deferred adjudication community supervision for ten years, and imposed a $1,000 fine.

Subsequently, the State filed a motion to adjudicate and to revoke Appellant's community supervision.  Rather than adjudicate Appellant's guilt and revoke his community supervision at that time, the trial court amended the conditions of Appellant's community supervision and allowed him to remain on community supervision.

Still later, the State filed another motion to adjudicate and to revoke Appellant's community supervision.  In that motion, the State alleged that Appellant had violated the terms and conditions of his community supervision in that he failed to report to the Community Supervision and Corrections Department as directed.

2

The State amended the motion so that it would reflect yet more ways in which Appellant had violated his community supervision, including that Appellant (1) intentionally fled from a peace officer who was attempting to lawfully detain Appellant and (2) failed to report to the Community Supervision and Corrections Department as directed. After Appellant pleaded true to the allegations in the amended motion, the trial court found the allegations to be true and ordered a presentence investigation. After the trial court received the presentence investigation, it revoked Appellant's community supervision, found Appellant guilty of aggravated robbery, entered an affirmative deadly weapon finding, found the enhancement allegation to be true, and assessed Appellant's punishment at confinement for twenty-five years and a $1,000 fine.

Appellant raises two points of error on appeal. We will first address Appellant's second point. In that point, Appellant argues that "[t]he evidence was factually insufficient to support the assessment by the Court of a sentence of twenty-five (25) years in prison with a Deadly Weapon . . . finding." We have previously held, as have other intermediate appellate courts, that a factual sufficiency review of the evidence is inappropriate in an appeal from an assessment-of-punishment issue. *Barrientes v. State*, No. 11-09-00054-CR, 2010 WL 2862591, at *1 (Tex. App.—Eastland July 22, 2010, pet. ref'd) (mem. op., not designated for publication); *Bradfield v. State*, 42 S.W.3d 350, 352 (Tex. App.—Eastland 2001, pet. ref'd); *Flores v. State*, 936 S.W.2d 478, 479 (Tex. App.—Eastland 1996, pet. ref'd). We decline the invitation to revisit the issue. We overrule Appellant's second point of error.

In Appellant's first point of error, he argues that his sentence is grossly disproportionate to the crime committed and that the sentence he received constituted cruel and unusual punishment. Appellant's sentence is not grossly

disproportionate to the crime committed; he and his friend robbed two men, and a gun was used in the robbery.

The Eighth Amendment to the United States Constitution prohibits sentences that are "grossly disproportionate" to the offense for which a defendant has been convicted. *Bradfield*, 42 S.W.3d at 353 (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991)). When a sentence falls within the range provided by the legislature, it is generally not "grossly disproportionate" to the offense committed and should not be disturbed on appeal. *See, e.g.*, *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The statutory range of confinement for the offense in this case is confinement for life or for any term of not less than five years and not more than ninety-nine years. TEX. PENAL CODE ANN. § 12.32(a) (West 2011). However, Appellant pleaded true to an enhancement allegation, which resulted in an increase of the minimum term of confinement to not less than fifteen years, rather than five years. *Id.* § 12.42(c)(1) (West Supp. 2015). Appellant's sentence falls within the statutory range set out by the legislature, and Appellant does not argue otherwise. We overrule Appellant's first point of error.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

December 31, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.